UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER JOHNSON,<br><br>           Plaintiff,<br><br>    v.<br><br>PHILLIP BOWERS, *et al*,<br><br>           Defendants. | Case No. C04-5456RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE UNLAWFUL SUBPOENA AND PETITION FOR PRELIMINARY INJUNCTIVE RELIEF |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the court upon plaintiff's filing of a motion to strike unlawful subpoena (Dkt. #40) and petition for preliminary injunctive relief (Dkt. #45). After reviewing plaintiff's motions and the balance of the record, the court finds and ORDERS as follows:

On February 18, 2005, defendants served plaintiff with a notice of deposition and subpoena, commanding plaintiff to appear at the Special Offender Unit at the Monroe Correctional Complex, where plaintiff is currently incarcerated, to testify as a witness in his lawsuit against defendants. See Exhibit 1, Attachment A, to Defendants' Response to Plaintiff's Motion to Strike Unlawful Subpoena ("Defendants' Response") (Dkt. #41). Plaintiff appeared for the deposition, but objected to the subpoena because: he was being unlawfully and involuntarily confined in a mental treatment center; he was being involuntarily

ORDER
Page - 1

medicated; he could not be deposed in a section 1983 lawsuit; and testifying would violate his right against self-incrimination. See Declaration of Aileen Miller, Exhibit 2, Attachment A, to Defendants' Response. Nevertheless, plaintiff proceeded with the deposition. Id.

Plaintiff makes the same allegations in his motion to strike unlawful subpoena, and further alleges that both defendants and defendants' counsel conspired to "assault" him through the use of the subpoena process. Plaintiff seeks to strike both the subpoena and subsequent deposition, to have defendants fined for their "illegal use" of the subpoena process, and to be "promptly removed" from the "mental health treatment center" in the Special Offender Unit. First, any party may take the deposition of the other party to an action, even though the party being deposed may be *pro se* in a civil rights action brought pursuant to 42 C.F.R. § 1983. See Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 30. Second, plaintiff's unsubstantiated allegations of "assault," conspiracy, and "illegal use" of the subpoena process are wholly insufficient to support the relief he requests in his motion to strike. Third, although plaintiff alleges his right against self-incrimination would be violated by testifying at the deposition, he has not shown that he actually did so as a result of that deposition.

Finally, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). Thus, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id. Other than his unsubstantiated allegations noted above, plaintiff has set forth no facts showing that the named defendants caused or personally participated in causing the harm alleged in his motion to strike. In other words, the court will not grant plaintiff's motion based on the mere fact that defendants work for the Department of Corrections. In addition, even if plaintiff could substantiate these allegations, because none of them have been properly raised in his complaint, it is inappropriate for the court to deal with them in the context of this lawsuit.

The basic function of preliminary injunctive relief, furthermore, is to preserve the *status quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill either of two standards, the "traditional" or the "alternative":

> Under the traditional standard, a court may issue injunctive relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987) (citations omitted). To obtain injunctive relief, the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Here, plaintiff has not done so. Again, as discussed above, his allegations are wholly unsubstantiated. In addition, to the extent he can substantiate them, this lawsuit is not the proper forum in which to do so. Accordingly, plaintiff's motion to strike unlawful subpoena (Dkt. #40) is DENIED.

Plaintiff also has filed a petition for preliminary injunctive relief. Although that "petition" is noted to be heard on April 22, 2005, the court finds it appropriate to deny it for the same reasons it is denying plaintiff's motion to strike. Plaintiff makes many of the same unsubstantiated allegations that he makes in his motion to strike. Specifically, plaintiff reiterates his claim that defendants and defendants' counsel conspired to injure him. In addition, plaintiff asserts certain Department of Corrections officials, who are non-parties to this action, used coercive force against him at the behest of defendant Vail and the Attorney General's Office to "allow an involuntary injection of medication." Plaintiff further asserts that he has been denied access to his legal documents and to the courts, allegations he has unsuccessfully made twice before in motions to this court. See (Dkt. #34 and #38).

Plaintiff, furthermore, seeks "emergency" injunctive relief consisting of the following: access to all of his legal mail; an end to his being "assaulted" with antipsychotic medication; removal from the mental health unit of the Special Offender Unit; and discontinuance of threats by non-party DOC officials of using "electrical shocking devices" to coerce his consent. Plaintiff also seeks an order from the court that he is suffering pain and "great fear." For the same reasons set forth above with respect to his motion to strike, plaintiff has not shown he is entitled to injunctive relief in his petition. Nor will the court find that plaintiff is suffering pain and fear based on the unsubstantiated allegations he makes. Accordingly, his petition for preliminary injunction (Dkt. #45) is DENIED as well.

In addition, as neither of plaintiff's motions are supported either legally or factually, it appears that

they have not been filed for a proper purpose in violation Fed R. Civ. P. 11, particularly in light of the prior motions plaintiff has made to this court. **Therefore, plaintiff is hereby informed that, if he files motions or other documents in this case in the future that are presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, the court will consider imposing sanctions pursuant to Fed. R. Civ. P. 11.** Those sanctions may include monetary sanctions and/or dismissal of plaintiff's case.

The clerk shall send a copy of this Order to plaintiff and to counsel for defendants.

DATED this 14th day of April, 2005.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge